566 So.2d 475 (1990)
Portrene CAMPBELL
v.
STATE of Mississippi.
No. 89-KA-385.
Supreme Court of Mississippi.
August 22, 1990.
Herman F. Cox, Jimmy D. McGuire, McGuire & Cox, Gulfport, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and BLASS, JJ.
BLASS, Justice, for the Court:
Defendant, Portrene Campbell, was indicted for possession of cocaine, a schedule II controlled substance, on May 23, 1988. She was then tried, found guilty, and sentenced to twenty (20) years in the custody of the Mississippi Department of Corrections on October 25, 1988. After filing post trial motions, defendant's trial counsel requested and was granted leave to withdraw. *476 Notice of substitute counsel, along with a supplemental motion for a new trial or judgment notwithstanding the verdict was filed on February 24, 1989. The supplemental motion alleged that the court had erred in its sentencing and pursuant to MISS. CODE ANN. § 41-29-139(c)(1) (Supp. 1989), sentencing should have been limited to three (3) years. The court sustained the sentencing portion of the j.n.o.v. motion and resentenced defendant to three (3) years and then overruled the remainder of the motion.

I.
The defendant, on the evening of April 10, 1988, was a passenger in a car driven by one Deric Johnson. Officer Butler, a patrolman with the Pascagoula Police Department, upon receiving information that the car had been involved in a shooting, stopped the car and subsequently arrested Deric Johnson. Officer Butler searched the defendant's purse, wherein he found a partially smoked marijuana cigarette and thirty-six hundred dollars ($3,600). The testimony is contradictory as to whether or not the defendant consented to the search.
Officer Butler testified that when he arrested the defendant he noticed that she had a bulge in her pants, but he did not search her. The defendant was then handcuffed and placed in the backseat of Officer Leonard's car along with Deric Johnson. Officer Leonard then drove the defendant and Deric Johnson to the police station. Officer Leonard testified that when he reached the station he escorted the defendant out of the vehicle and turned her over to the jailer. Afterwards, he went outside, popped the back seat loose from the car, leaned it forward and found a plastic bag containing three (3) patties of rock cocaine. Defendant was then arrested and indicted for possession of cocaine.

II.
The only issue we need to address here is whether or not the verdict was against the overwhelming weight of the evidence. The standard of review for challenges to legal sufficiency of evidence was recently set out by this Court in Garrett v. State, 549 So.2d 1325 (Miss. 1989), as follows:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence-not just that supporting the case for the prosecution-in the light most consistent with the verdict. We give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fairminded jurors in the exercise of impartial judgment may have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.
Garrett, 549 So.2d at 1331.
In the case sub judice, the defendant was indicted for possession of cocaine, and the testimony clearly established that the contraband was not found on the defendant's person, but in the patrol car, which was used to take both the defendant and Deric Johnson to the police station. Because the defendant neither had control of the premises nor actual possession of the substance, the State had the burden of producing competent evidence which would connect the defendant to the cocaine. This is in line with Powell v. State, 355 So.2d 1378 (Miss. 1978) wherein this Court held that "[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." Powell, 355 So.2d at 1379.
Recently, the Court reiterated its position on proof of possession in Pate v. State, 557 So.2d 1183 (Miss. 1990):

*477 There must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control.
Pate, 557 So.2d at 1184 (quoting Curry v. State, 249 So.2d 414, 416 (Miss. 1971)).
Although the Court in Curry stated that possession is not a question susceptible of a specific rule, guidelines were set out to follow in analyzing each case. First, the State must prove that the defendant exercised dominion over the contraband. Curry, 249 So.2d at 416. Second, the State must prove that the defendant was aware of the presence and character of the substance. Id.
In the instant case the State failed to prove that the defendant exercised dominion over the cocaine. Contraband was not found on the defendant's person and the circumstantial evidence presented by the State failed to establish beyond a reasonable doubt that the defendant had constructive possession. This is in line with Sisk v. State, 290 So.2d 608 (Miss. 1974), where this Court held that neither hearsay evidence nor testimony by an officer that the defendant had been seen leaving the premises was sufficient to amount to constructive possession. Sisk, 290 So.2d at 610.
Additionally, the State did not prove that the defendant was aware of the presence and character of the cocaine. There was no competent evidence submitted to show that the defendant was even aware of the presence of the cocaine. She testified that she had never seen the package of cocaine and she had no idea what it was. Also the officers admitted that neither one had seen defendant with cocaine in her possession. Furthermore, Officer Leonard admitted that he did not know where the contraband came from, how it got into his car, or the exact time that it got into his car. In Burnham v. State, 467 So.2d 946 (Miss. 1985), defendant was convicted of possession of marijuana. The evidence included the testimony of a police officer who stated that no marijuana was found in the defendant's possession, but that a search of the premises found marijuana under the couch, in a tool shed, and in a freezer. Burnham, 467 So.2d at 947. The Court held that the State failed to prove beyond a reasonable doubt that the defendant was in constructive possession of the marijuana found at his ex-wife's home. Id. at 948.
We hold that the verdict was against the overwhelming weight of the evidence and that reasonable men could not have found, from the evidence, beyond a reasonable doubt that she was guilty. Inasmuch as this issue is dispositive of the case, we will not address the other issues raised on appeal.
REVERSED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.