SULLIVAN, Justice,
for the Court:
Rhonda Sue Jowers appeals her conviction of possession of marijuana in excess of one (1) ounce, with intent to distribute. This appeal addresses the sufficiency of the proof of possession of a controlled substance with intent to distribute. We find that the State failed to prove intent to distribute the controlled substance and, therefore, remand for appropriate sentencing of the lesser included offense of possession of the controlled substance.
FACTS
Operating on a search warrant obtained from Justice Court Judge C.L. Quick, Agents Leonard Harrison and Faron Gardner of the Mississippi Bureau of Narcotics went to the residence of Rhonda Sue Jow-ers and found no one at home. They entered the house through the carport door which was not locked. The officers searched the house and found a large freezer bag of marijuana wrapped in aluminum in the freezing compartment of the refrigerator. Three separate bags of marijuana were found in the lower compartment of the refrigerator. A set of portable weighing scales was also discovered in the kitchen.
While the search was underway Jowers drove up into the driveway. The officers met her and informed her they were searching her home and placed her under arrest. Gardner searched the car where he found Jowers’ purse, which contained more marijuana, a second set of portable scales, *47 a “surgical tool,” a cigarette lighter, rolling papers, and $356.00 in cash.
On January 11, 1989, the Leake County Grand Jury indicted Jowers for the willful, unlawful and felonious possession of an amount of marijuana in excess of one (1) ounce, with the intent to deliver in violation of Miss.Code Ann., § 41-29-139(a)(l) (Supp. 1988). Jowers was tried on May 18, 1989, convicted and sentenced to a term of eight (8) years in the custody of the Mississippi Department of Corrections.
On appeal Jowers makes seven assignments of error, six of which are without merit and do not warrant discussion. The seventh assignment of error is that the State failed to prove an essential element of the crime, i.e., intent to deliver. In this regard Jowers is correct.
THE LAW
THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF THE CRIME, I.E., INTENT TO DELIVER.
There was no direct evidence to establish that Jowers intended to sell or deliver the marijuana. However, the intent to sell or deliver contraband may be established by inference from circumstantial evidence. Jackson v. State, 580 So.2d 1217, 1220 (1991); Bryant v. State, 427 So.2d 131 (Miss.1983); Hollingsworth v. State, 392 So.2d 515, 517 (Miss.1981).
Where the contraband is present in an amount which a person could reasonably hold for personal use, other evidence of possible involvement in the drug trade may be sufficient to establish intent. See, Breckenridge v. State, 472 So.2d 373, 378 (Miss.1985).
The items seized from Jowers show that she possessed:
1. One large freezer bag of marijuana weighing 219 grams (7.7 oz.).
2. A small bag of marijuana weighing 84.5 grams (<3 oz.).
3. A small bag of marijuana weighing 19.9 grams (<1 oz.).
4. Two sets of portable scales. One set found in the house, the other set found in Jowers’ purse.
5. A surgical tool.
6. Rolling papers.
7. $356.00 in United States currency.
The amount of marijuana seized in this case is not sufficient to constitute direct evidence that possession alone establishes intent. The surgical tool, used as a holder, and the rolling papers are items commonly associated with personal marijuana use. Scales are used by drug dealers, but also have legitimate uses. The $356.00 does heighten suspicion of an intent to deliver, but not everyone who has $356.00 in cash is a drug dealer, or for that matter a drug user.
This evidence could just as well imply possession for personal use as intent to deliver. The items seized all together create a suspicion of intent but not an intent to deliver marijuana. The statute requires more than mere suspicion.
Based upon well recognized jurisprudence in this State commencing with Hollingsworth v. State, 392 So.2d 515 (Miss.1981); Bryant v. State, 427 So.2d 131 (Miss.1983); Coyne v. State, 484 So.2d 1018 (Miss.1986); Jackson v. State, 580 So.2d 1217 (Miss.1991); and Clayton v. State, 582 So.2d 1019, 1022 (Miss.1991), we hold that the State failed to meet its burden of proof of possession with intent to distribute and the conviction of Jowers on that charge is reversed.
However, the evidence clearly establishes that Jowers was guilty of the lesser included offense of possession of marijuana. The jury had more than sufficient evidence to find her guilty of that charge. Although the jury was presented with conflicting testimony concerning Jowers’ possession of the marijuana, the jury resolved that conflict in favor of the State, and the jury is the sole judge of the weight and credibility of the witness. Dixon v. State, 519 So.2d 1226, 1228 (Miss.1988). We therefore reverse the defendant’s conviction and sentence for possession of a controlled substance with intent to distribute, but affirm conviction for the lesser includ *48 ed offense of possession. Remand is ordered for proper sentencing for possession of marijuana in excess of one ounce.
CONVICTION OF POSSESSION OF MARIJUANA IN EXCESS OF ONE (1) OUNCE WITH INTENT TO DISTRIBUTE IS REVERSED AND SENTENCE VACATED; CONVICTION OF POSSESSION OF MARIJUANA IN EXCESS OF ONE (1) OUNCE IS AFFIRMED; REMANDED FOR RESENTENCING ON POSSESSION ONLY.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON and McRAE, JJ., concur.
PITTMAN, J., dissents with separate written opinion joined by ROY NOBLE LEE, C.J., and PRATHER, J.
BANKS, J., dissents with separate written opinion joined by PRATHER, J., and ROY NOBLE LEE, C.J., who concurs in results only.