634 So.2d 127 (1994)
Rudolph MILLER, Jr.
v.
STATE of Mississippi.
No. 91-KA-00201.
Supreme Court of Mississippi.
March 17, 1994.
Arthur D. Carlisle, Pascagoula, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
En Banc.
SMITH, Justice, for the Court:
Rudolph Miller, Jr. was tried and convicted in the Circuit Court of Harrison County, for the crime of possession of cocaine with intent to deliver, and received a sentence of ten years with three years suspended.
Aggrieved, Miller appeals, assigning errors by the trial court as follows:
I. THE LOWER COURT ERRED IN NOT SUSTAINING APPELLANT'S MOTION *128 FOR DIRECTED VERDICT AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER.
II. THE LOWER COURT ERRED IN NOT SUSTAINING APPELLANT'S MOTION IN LIMINE SEEKING TO PROHIBIT ELICITATION OF TESTIMONY CONCERNING OUTSTANDING WARRANTS FILED AGAINST APPELLANT.
III. THE LOWER COURT ERRED IN NOT SUSTAINING APPELLANT'S MOTION FOR A DIRECTED VERDICT AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE STATE'S THEORY OF CONSTRUCTIVE POSSESSION.
We have carefully examined Miller's assignments of error and find that issues I and III warrant discussion. Although the evidence is insufficient under the facts of this case to support a conviction and sentence for possession with intent to distribute cocaine, there is sufficient evidence to support a finding of possession. We therefore remand this case for sentencing on the lesser included offense of possession of cocaine.

FACTS
While on routine patrol, Officer Larry Akins, of the Biloxi Police Department, saw Rudolph Miller, whom he recognized. Following a verification by radio, Officer Akins arrested Miller on two outstanding warrants. Officer Akins followed procedure and did a pat-down inspection of Miller for concealed weapons and then placed Miller's hands behind him and handcuffed him. Officer Akins testified that he found no weapon, but did feel what he thought was a matchbox, some keys, and some coins in Miller's pants pocket. Officer Akins placed Miller in the back seat behind the driver's side of his patrol car and took him to the Biloxi Police Department.
Officer Akins exited his vehicle, took Miller out, locked the vehicle and took Miller into the police station. Miller had no matchbox on his person in the police station. Officer Akins returned, unlocked his patrol car and, following routine procedure, searched the back seat area where Miller had been seated and found under the seat a matchbox containing twelve "rocks," later identified as crack cocaine.
Officer Akins testified that he observed Miller squirming around in the back seat while enroute to the station. At the time that he was taken from the vehicle, Miller had managed to move his hand around to his left pocket and appeared to be reaching in the pocket. Once inside the police station, Investigator Daniel Kent Jones searched Miller and found $143 in currency on him.
Officer Akins testified that he followed the standard procedure when he came on duty of searching the patrol car and also of again searching the patrol car after he had taken in the one previous arrestee that day. Officer Akins testified that he locked his patrol car while he took Miller into the station. When he returned to the car, he unlocked it and at that time found the matchbox wedged down in the back seat toward the door. Officer Akins testified that he knew there was nothing in the car prior to him placing Miller in the back seat and transporting him to the police station.
Officer Akins further testified that no one else had access to the patrol car during his shift and that he locked the car while he took Miller into the police station.
Lt. Richard O'Bannon of the Special Crime Unit, a narcotics division of the Biloxi Police Department, testified that he had been involved in hundreds of drug related cases. He stated that crack cocaine is typically carried in matchboxes; that a user normally did not have more than one or two rocks on his person; and that the amount attributed to Miller was large enough to indicate an intent to distribute. He further related that crack cocaine is smoked by use of a pipe. The twelve rocks, in his opinion, would yield a four hour high if smoked continuously.
Miller called no witnesses and elected not to testify on his own behalf. The case was submitted to the jury on the theory that Miller had constructive possession of the cocaine from which an inference could be made that he intended to distribute it to others *129 because of the quantity and nature of the contraband.

DISCUSSION

I.
Miller contends that the lower court erred in not sustaining his motion for directed verdict as the evidence was insufficient to support a conviction for possession of a controlled substance with intent to deliver.
On the question of intent to deliver a controlled substance, this Court has faced some difficulty when confronted primarily with quantity alone as evidence of intent. In Edwards v. State, 615 So.2d 590, 595 (Miss. 1993) this Court stated, "Quantity, standing alone, might be insufficient to demonstrate an intent to distribute beyond a reasonable doubt." As this Court stated in Stringfield v. State, 588 So.2d 438, 440 (Miss. 1991):
[P]roof of possession with an intent to distribute or sell should not be based solely upon surmise or suspicion. There must be evidentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in actual fact intend to distribute or sell the cocaine, not that he might have such intent. It must be evidence in which a reasonable jury can sink its teeth.
In the Edwards case, possession of 47 individual doses of crack cocaine along with Edwards' admission and the surrounding circumstances were found to be sufficient proof of intent. In the present case, there was testimony that most drug users would only have a couple of rocks for their personal use. However, there was nothing to connect Miller with the possibility that the drugs were intended for sale. While Miller was arrested on outstanding warrants for sale of cocaine, the jury did not have this information presented to them. The testimony of Lt. Richard O'Bannon that the quantity was more than a typical user would have and would yield a four-hour high if smoked continuously is not sufficient to take this case out of possession alone.
In numerous cases, where the Court has found the proof insufficient to support a charge of possession with intent to distribute, this Court has remanded the case for resentencing on the lesser included offense of possession. Jowers v. State, 593 So.2d 46 (Miss. 1992); Thomas v. State, 591 So.2d 837 (Miss. 1991); Stringfield v. State, 588 So.2d 438 (Miss. 1991); Jackson v. State, 580 So.2d 1217 (Miss. 1991).
In Jowers, the Court stated:
However, the evidence clearly establishes that Jowers was guilty of the lesser included offense of possession of marijuana. The jury had more than sufficient evidence to find her guilty of that charge. Although the jury was presented with conflicting testimony concerning Jowers' possession of the marijuana, the jury resolved that conflict in favor of the State, and the jury is the sole judge of the weight and credibility of the witness.
Jowers, at 47, citing Dixon v. State, 519 So.2d 1226, 1228 (Miss. 1988).
In the case sub judice, Miller's possession of the cocaine was resolved by the jury in favor of the State. The proof was sufficient by the State to support a charge of possession. There is no need for another jury to decide this issue, and this case should only be remanded for resentencing on possession.

III.
Miller argues that the lower court erred in not sustaining his motion for a directed verdict as the evidence was insufficient to support the State's theory of constructive possession.
Constructive possession has been the subject of frequent interpretation by this Court. Actual physical possession need not be shown for conviction if the contraband is in the constructive possession of the accused. If the substance is subject to the defendant's dominion or control, it is said to be within the his constructive possession.
In Curry v. State, 249 So.2d 414, 416 (Miss. 1971), this Court stated:
[T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously *130 in possession of it. It need not be actual physical possession.
The proof showed that Miller was in close proximity to the crack cocaine since it was found where he had been seated as the only passenger in the back seat of the police vehicle. The vehicle had been searched prior to his becoming a passenger and again searched subsequent to his departure from the vehicle.
Miller argues that the evidence in this case is insufficient to establish that he had dominion and control, citing as authority Campbell v. State, 566 So.2d 475 (Miss. 1990). This Court held the evidence insufficient to support a constructive possession theory in that case. On analysis, Campbell has different and distinguishing facts and is not controlling in the case sub judice. Campbell, unlike Miller, was not alone in the patrol car prior to the discovery of the illicit drugs and also there was no testimony covering the officer's procedure in searching the patrol car prior to and after the presence of the accused.
In Campbell, the contraband was found in the police car which had been used to transport both Campbell and another person to the police station. The arresting officer testified that when he arrested Campbell he noticed she had a bulge in her pants but did not search her. There was no discussion of whether the officer had searched the car prior to Campbell and the other person riding in the car or other procedures to insure that there was no alternative source for the drugs found.
The testimony of Officer Larry Akins in this present case covers the procedure by which it would have been virtually impossible for the matchbox of crack cocaine to have come from anyone other than Miller. At the beginning of his shift that morning, Officer Akins searched the car to determine that nothing had been left in the car. Earlier in the day, Officer Akins had arrested and transported a female suspect. Officer Akins testified that the car had been searched after the transport and that he had followed procedure and locked the car every time he was not in it. Officer Akins saw Miller squirming in the back seat enroute and noticed that Miller had worked his hands around to his left side as if he were reaching in his pocket. Miller's left pocket was where Officer Akins had felt what he thought was a matchbox during his pat down search for weapons. After taking Miller to the station, the car was locked while Officer Akins was inside. The car was in a place where only police cars were allowed and no one else present had a key to the car. Later, in the police station, Miller had no matchbox on his person. Even without directly saying so, Officer Akin's testimony was clear that the only possible source of the matchbox was Miller. The lower court was well justified in submitting the question of possession to the jury. The jury was well justified in finding that Miller was in possession of the illicit drugs.
The language and other cases which are cited by Miller do not address a factual situation similar to that in the present case. However, in line with Powell v. State, 355 So.2d 1378, 1379 (Miss. 1978), "the premises upon which contraband" was found were "in the exclusive possession of the accused" and there was "competent evidence connecting him with the contraband." In that case marijuana found in a house rented by Powell was found to be sufficiently connected to the defendant. In Pate v. State, 557 So.2d 1183 (Miss. 1990), marijuana found in a hotel room the day after Pate checked out was found to be insufficient proof of possession to support the conviction. In the present case, the proof showed that Miller was the sole person who had recently been in the area where the drugs were found and who had the opportunity to leave the drugs. This evidence was unrefuted.
It is the function of the jury to weigh the evidence and to determine the credibility of the witnesses. Benson v. State, 551 So.2d 188, 193 (Miss. 1988). The jury resolved this issue against Miller. The State's evidence was certainly sufficient from which the jury could find beyond a reasonable doubt that Miller was in constructive possession of the cocaine. There is no merit to this issue.

CONCLUSION
There was sufficient evidence presented to the jury to enable a finding beyond a reasonable *131 doubt that Rudolph Miller was in constructive possession of crack cocaine. Miller was the only passenger in a police car that was searched immediately prior to his occupancy and again subsequent to Miller's leaving the car. The police car was locked and secure at all times. Officer Akins observed Miller's unusual behavior while transporting him to the police station, and during a pat down of Miller, felt what he described as a matchbox. Thereafter, in the police station, an additional search of Miller failed to turn up a match box. A match box containing the crack cocaine was found within the rear seat area of the patrol car upon a search after Miller had left the car and was escorted into the police station.
The proof as to intent to distribute is insufficient and cannot stand under the facts of this case. We affirm the conviction for the lesser included offense of possession. Therefore, under the authority of Jowers and other recent decisions of this Court, we reverse the defendant's conviction and sentence for possession of a controlled substance with intent to distribute and remand for proper sentencing for possession of cocaine.
Affirmed in part, reversed in part and remanded for resentencing on possession only.
CONVICTION OF POSSESSION OF COCAINE AFFIRMED. CONVICTION OF POSSESSION WITH INTENT TO DISTRIBUTE REVERSED AND REMANDED FOR RESENTENCING.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
DAN M. LEE, P.J., specially concurs with separate written opinion joined by BANKS and McRAE, JJ.
DAN M. LEE, Presiding Justice, specially concurring:
Having reviewed the facts in this case, I am convinced that sufficient circumstantial evidence was presented from which the jury could have inferred beyond a reasonable doubt that Miller actually possessed the contraband found in the police car. Consequently, I have no doubt that the majority reaches the proper result. I write separately only to point out that, in my opinion, today's decision expands the doctrine of constructive possession unnecessarily.
The proper analysis for resolving this issue was stated by this Court in a similar case:
[T]he defendant was indicted for possession of cocaine, and the testimony clearly established that the contraband was not found on the defendant's person, but in the patrol car, which was used to take both the defendant and Deric Johnson to the police station. Because the defendant neither had control of the premises nor actual possession of the substance, the State had the burden of producing competent evidence which would connect the defendant to the cocaine.

Campbell v. State, 566 So.2d 475 (Miss. 1990).
In the case at bar, the State satisfied its burden with the testimony of Officer Larry Akins who stated that he felt a matchbox in Miller's pocket immediately after arresting him. Akins also testified that Miller was observed "squirming" on the way to the station and that upon arrival he appeared to have his hand in his pocket. This was sufficient circumstantial evidence for the jury to find possession. Accordingly, I would acknowledge Campbell as controlling and affirm.
The majority goes astray when it attempts to distinguish Campbell solely on the grounds that another prisoner was present in the police car in that case. In my opinion, the key in Campbell was not so much the presence of another prisoner as the undeniable fact that, "the defendant neither had control of the premises nor actual possession of the substance." Id.
To say that a prisoner has dominion and control over the backseat of a police car merely because he was the last person transported therein strains credulity and expands the legal fiction of constructive possession much too far. Accordingly, I cannot join the opinion of the majority.
BANKS and McRAE, JJ., join this opinion.