642 So.2d 921 (1994)
George Lynn MURRAY
v.
STATE of Mississippi.
No. 92-KA-00521.
Supreme Court of Mississippi.
September 8, 1994.
*922 George T. Kelly, Jr., Greenville, for appellant.
Michael C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before LEE, P.J., and McRAE and SMITH, JJ.
SMITH, Justice, for the Court:
George Murray was convicted in the Circuit Court of Washington County of possession of cocaine with intent to sell, transfer or deliver and sentenced to serve twenty-two years in the custody of the Mississippi Department of Corrections.
Testimony at trial came from the three police officers who were all present at the scene of Murray's arrest and from the drug analyst with the Mississippi Crime Laboratory. None of the officers saw Murray sell or attempt to sell any drugs.
The court overruled Murray's motion for directed verdict on the question of intent to sell, but did grant a lesser included instruction on possession only.
Aggrieved with the verdict against him, Murray appeals to this Court raising a single assignment of error:
THE COURT SHOULD HAVE SUSTAINED THE MOTION FOR DIRECTED VERDICT AS IT PERTAINED TO THE ISSUE OF INTENT TO DISTRIBUTE.
Murray, at trial and before this Court, challenges the sufficiency of the evidence supporting his conviction for possession with intent to distribute. He correctly states that the only evidence on this charge was the quantity of cocaine and the denominations of the money he possessed when arrested.
We find this case very similar to Miller v. State, 634 So.2d 127 (Miss. 1994), in which this Court reversed and remanded a conviction of possession of cocaine with intent to deliver for resentencing on possession only. Miller was arrested on outstanding warrants and had possession of twelve rocks of crack cocaine. As in the present case, the intent to distribute was based on the quantity and nature of the contraband.
This case must be reversed on possession with intent to distribute, but affirmed and remanded for resentencing on possession alone.

THE FACTS
On July 2, 1991, officers Steve Bingham, Jack Morgan, and Kenny Trader from the Greenville Police Department were working a special gang suppression detail on Nelson Street in Greenville. The officers were concentrated in the area around the Three Brothers and a Stranger Club.
Lt. Steve Bingham testified that the officers were checking warrants on people standing around the club when he noticed George Murray "walking in and out of the club, back and forth. He went to his truck and sat on his truck several times." One of the officers checked to determine if there was a warrant on Murray and confirmed that there was an existing warrant. While doing a pat-down search, Bingham found a small black container in Murray's shirt pocket. Officer Jack Morgan opened the container and found something he believed to be crack cocaine. Also found on Murray was $515 in cash.
Morgan testified that the officers were at the club because it was an area where drugs were distributed. Morgan testified that the *923 currency seized from Murray was 14 twenty dollar-bills, 11 ten-dollar bills, 23 five-dollar bills, and 10 one-dollar bills. Morgan testified that these denominations were "consistent with person involved in drug trafficking." When asked how he would conclude that Murray was a drug trafficker, Morgan answered: "Based on the amount and the denominations of the money."
In Murray's truck, which was parked in front of the club with its motor running, the officers found a crack cocaine pipe, tweezers with a cotton ball and a bottle containing some brown liquid.
Morgan testified that the tweezers were the type associated with use as a "roach clip" with marijuana. The pipe was the type used to smoke cocaine like that found on Murray. The brown liquid was not found to contain any controlled substance.
Morgan placed the value of the crack cocaine at approximately $20 per rock or about $300 for the 15 rocks.
Prior to the arrest, Officer Trader talked to Murray and "spoke to him in reference to selling drugs." Murray "just smiled and denied it and said, Mr. Trader, I am not doing anything wrong." Trader noticed the bulge in Murray's left pocket and asked him about it. Murray smiled and did not respond. Trader walked around the club and Murray was shooting pool. Murray then stopped and walked up to the bar and sat down beside the officers.
Murray was arrested later as he walked outside the club toward his truck parked directly in front of the club.
At the close of the State's case, the defense moved for a motion to dismiss and for a directed verdict on the issue of possession with intent. The motions were denied. The defense did not put on any witnesses. Murray was found guilty of possession with intent to distribute and sentenced to serve twenty-two years with the Mississippi Department of Corrections.

DISCUSSION OF LAW
In denying the defense motion to dismiss and to direct a verdict on the intent question, the trial judge stated:
The facts on the intent issue are purely circumstantial. He was in possession of a large number of rocks. He has got a large amount of cash on him. He is in a known drug area. I regard Hicks [v. State] [580 So.2d 1302 (Miss. 1991)] as an anomaly. What it amounts to is an invasion of the jury's providence [sic] to make that determination as to whether those circumstances are sufficient to convict for possession of intent. I think there are sufficient circumstances to permit it to go to the jury.
As previously noted, the concerns expressed by Murray have previously been considered in Miller v. State, 634 So.2d 127 (Miss. 1994). The Court stated:
On the question of intent to deliver a controlled substance, this Court has faced some difficulty when confronted primarily with quantity alone as evidence of intent. In Edwards v. State, 615 So.2d 590, 595 (Miss. 1993) this Court stated, "Quantity, standing alone, might be insufficient to demonstrate an intent to distribute beyond a reasonable doubt." As this Court stated in Stringfield v. State, 588 So.2d 438, 440 (Miss. 1991):
[P]roof of possession with an intent to distribute or sell should not be based solely upon surmise or suspicion. There must be evidentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in fact intend to distribute or sell the cocaine, not that he might have such intent. It must be evidence in which a reasonable jury can sink its teeth.
634 So.2d at 129.
Miller was arrested on two outstanding warrants by the Biloxi police. There was nothing to indicate that the twelve rocks of cocaine found were intended for sale although one police officer testified that the quantity was more than a typical user would have.
In the present case, there was no testimony which connected Murray with any activity evidencing a drug sale. Lt. Bingham specifically testified, "I did not see him sell anything *924 to anyone." Officer Morgan based his conclusion that Murray was a drug trafficker solely "on the amount and the denominations of the money." Officer Trader gave no indication in his testimony that Murray was doing anything unusual other than shooting pool and sitting at the bar along with the officers.
In Edwards v. State, there was Edwards' possession of 47 individual rocks of crack cocaine, the flight of the persons surrounding him at the time of the police officer's arrival and Edwards' on-the-scene admission to police officers which provided sufficient proof of possession with intent to distribute.
In Hicks v. State, this Court found that there was insufficient evidence to establish that Hicks intended to distribute the eight individual packets of cocaine which the police found. As in the present case, there was no suggestion of sale or attempted sale or intent to deliver even though Hicks had $100 in $10 and $20 dollar bills and was unemployed. Also, as in the present case, there was no testimony that the quantity was not for personal use.
Officer Morgan agreed that the evidence in the case sub judice, such as the tweezers, the razor blade, the container and the pipe, pointed toward Murray's being a user of cocaine and marijuana.
In keeping with the decision in Miller, "where the Court has found the proof insufficient to support a charge of possession with intent to distribute, this Court has remanded the case for resentencing on the lesser included offense of possession." 634 So.2d at 129, citing Jowers v. State, 593 So.2d 46 (Miss. 1992); Thomas v. State, 591 So.2d 837 (Miss. 1991); Stringfield v. State, 588 So.2d 438 (Miss. 1991); Jackson v. State, 580 So.2d 1217 (Miss. 1991).

CONCLUSION
The trial court correctly summarized the proof but was incorrect in concluding that the quantity of cocaine and the denomination of money found on Murray was sufficient evidence of intent to distribute. We therefore reverse Murray's conviction and sentence for possession of cocaine with intent to distribute but affirm his conviction for the lesser included offense of possession of cocaine. Remand is ordered for proper sentencing for possession of cocaine. Remand is ordered for proper sentencing for possession of cocaine.
CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO SELL, TRANSFER OR DELIVER REVERSED. CONVICTION OF POSSESSION OF COCAINE AFFIRMED AND REMANDED FOR SENTENCING.
HAWKINS, C.J., LEE and PRATHER, P.JJ., and SULLIVAN, BANK, McRAE and ROBERTS, JJ., concur.
PITTMAN, J., not participating.