THOMAS, P.J., for the Court:
¶ 1. Debbie Lynn Thornton appeals her conviction of possession of a controlled substance raising the following issues as error:
I. WAS THE ROAD BLOCK AND SUBSEQUENT ARREST OF APPELLANT LEGAL AND CONSTITUTIONAL?
II. DID THE STATE PROVE THAT APPELLANT HAD POSSESSION OF THE CONTROLLED SUBSTANCE AT ISSUE IN THIS MATTER? DID THE STATE PROVE CHAIN OF CUSTODY?
III. WAS THE DEFENDANT REPRESENTED BY EFFECTIVE COUNSEL AT THE TRIAL LEVEL?
VI. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Debbie Lynn Thornton and her husband, John David Thornton, were traveling on Bay Avenue in Jasper County, Mississippi and were stopped at a road block at approximately 2:10 p.m. on February 10, 1996. The Thorntons were stopped by Jasper County Constable Robert Morris, Deputy Jimmy Dewayne Brady, and City of Laurel Police Officer Styron Keller. Mr. Thornton was driving with his wife as passenger. Brady learned that Mr. Thornton’s driver’s license was suspended and placed Mr. Thornton under arrest. As Mr. Thornton stepped from his vehicle Brady saw an open bottle of alcohol on the seat beside him, and Brady also arrested Mr. Thornton for an open container. Brady conducted a full search of Mr. Thornton, handcuffed him, and placed him in the patrol car.
¶ 4. Morris was on the passenger side of the vehicle and noticed that Mrs. Thornton also had an open container between her legs on the floorboard. Mrs. Thornton was placed under arrest for having an open container, but they did not search her before she was placed in the patrol car.
¶ 5. Morris and Keller transported the Thorntons to the sheriffs office with Mr. *1005 Thornton in the left rear seat behind the driver, and Mrs. Thornton in the right rear seat. On the way to the sheriffs station, Morris noticed Mrs. Thornton scooting forward toward the front of the seat. Keller observed Mrs. Thornton doing a lot of moving in the back seat. When they arrived at the sheriffs office, Morris asked Keller to check the rear seat of the patrol car to see if either of the Thorntons had left anything behind. Morris testified that he had cleaned and searched the vehicle the day before.
¶ 6. As Morris was going through the door of the sheriffs office, Keller called him back. Morris returned to the vehicle and on the corner of the right rear seat he observed a small cellophane bag where Mrs. Thornton had been sitting. Morris took the cellophane bag into his custody and called Investigator Homer Kemp, the narcotics officer for Jasper County.
¶7. Kemp arrived at the station, placed Mrs. Thornton under arrest, and took possession of the clear bag containing the controlled substance. Kemp transferred the bag to the crime lab for testing. The Mississippi Crime Laboratory tested the substance and determined that it contained amphetamine.
¶ 8. Mr. Thornton testified for the defense. He stated that his wife did move around in the backseat, but this was because she has arthritis in her shoulder. He testified that Mrs. Thornton did not have any drugs on her person that day.
¶ 9. The jury believed the State’s version of events and found Mrs. Thornton guilty of possession of amphetamine.
ANALYSIS
I.
WAS THE ROAD BLOCK AND SUBSEQUENT ARREST OF APPELLANT LEGAL AND CONSTITUTIONAL?
¶ 10. Thornton argues that the road block on February 10, 1996 did not meet the constitutional requirements as set forth in Michigan Dept. of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), in that the road block should have been operated under specific guidelines established by Jasper County, Mississippi. She asserts that Jasper County had no policy, procedure, or guidelines in effect for the operation of road blocks and none were introduced into evidence; therefore, the road block was illegal and unconstitutional.
¶ 11. Thornton did not object nor file a motion to suppress to the admission of the contraband at trial and is consequently procedurally barred on appeal from raising an argument not put before the trial court. Handley v. State, 574 So.2d 671, 678 (Miss.1990); May v. State, 569 So.2d 1188, 1190 (Miss.1990); Dunaway v. State, 551 So.2d 162, 164 (Miss.1989); Marks v. State, 532 So.2d 976, 984 (Miss.1988); Burney v. State, 515 So.2d 1154, 1157 (Miss.1987); Sand v. State, 467 So.2d 907, 910 (Miss.1985); Woods v. State, 393 So.2d 1319, 1325 (Miss.1981).
¶ 12. Also, appellate counsel states that Jasper County had no specific guidelines for operating road blocks; however, the record does not support these mere conclusory allegations. We “will not consider matters which do not appear in the record and [we] must confine [ourselves] to what actually does appear in the record.” Medina v. State, 688 So.2d 727, 732 (Miss.1996) (quoting Robinson v. State, 662 So.2d 1100, 1104 (Miss.1995)). “Moreover, we cannot decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record.” Medina, 688 So.2d at 732 (citations omitted). Based on the foregoing, Thorton’s first assignment of error has no merit.
II.
DID THE STATE PROVE THAT APPELLANT HAD POSSESSION OF THE CONTROLLED SUBSTANCE AT ISSUE IN THIS MATTER? DID THE STATE PROVE CHAIN OF CUSTODY?
¶ 13. In her next issue, Thornton argues that she is entitled to an acquittal because she was not in the exclusive control of the premises where the contraband was found: the backseat of the patrol car. The case of Miller v. State, 634 So.2d 127 (Miss.1994) is *1006 dispositive of this issue. In Miller, the appellant argued that the State failed to prove his constructive possession of crack cocaine found in the back seat of a police vehicle. Id. at 129. Miller was the only passenger in a police vehicle that was searched prior to his occupancy and again subsequently to his transport. Id. at 128. The officer that transported Miller noticed him squirming in the back seat and after taking Miller out of the vehicle found a match box containing crack cocaine. Id. The Mississippi Supreme Court stated that “[ajctual physical possession need not be shown for conviction if the contraband is in the constructive possession of the accused. If the substance is subject to the defendant’s dominion or control, it is said to be within the [defendant’s] constructive possession.” Id. at 129. The Court found that there was sufficient evidence to support the jury’s determination that Miller was in the constructive possession of the cocaine found in the back seat of the police vehicle. Id. at 130.
¶ 14. Thornton’s case is similar to the Miller case. Although Mrs. Thornton was not the only passenger in the vehicle, she was the only person who was not searched prior to being placed in the vehicle. Officer Morris testified that the automobile used to transport the Thorntons was his own personal vehicle. He stated that on the morning in question he had washed and vacuumed the automobile and there was no contraband in the car before escorting the Thorntons to the station. Both Officer Keller and Moms testified to noticing Mrs. Thornton squirming in the back seat. The jury could readily, as it obviously did, reach the conclusion that Mrs. Thornton was in possession and control of the plastic bag containing the amphetamine.
¶ 15. Thornton next opines that the chain of evidence was broken when Officer Keller, who was not an officer of Jasper County, found the drugs in the back seat. Thornton also mentions that there never was an attempt to lift fingerprints from the bag of contraband; however, she does not mention how this affects the chain of evidence. In her submitted brief, Thornton does not cite any authority, nor explain how the involvement of a sworn law enforcement officer, although not of Jasper County, breaks the chain of custody. Thornton failed to give any legal citation to support her claim that the chain of custody was broken. Failure to cite to legal authority bars any consideration of the assigned error. McClain v. State, 625 So.2d 774, 781 (Miss.1993) (citing Brown v. State, 534 So.2d 1019, 1023 (Miss.1988); Shive v. State, 507 So.2d 898, 900 (Miss.1987); Pate v. State, 419 So.2d 1324, 1326 (Miss.1982)).
III.
WAS THE DEFENDANT REPRESENTED BY EFFECTIVE COUNSEL AT THE TRIAL LEVEL?
¶ 16. In her third assignment of error, Thornton asserts that her trial counsel was ineffective for failing to object to the introduction of the contraband into evidence, due to the unlawful search and for failure to establish chain of possession. Also, Thornton alleges trial counsel was ineffective for failing to move to suppress the contraband and not objecting to the unconstitutional road block. Again, however, Thornton fails to cite an authority. Her failure to cite to legal authority bars any consideration of these alleged deficiencies by this Court. McClain, 625 So.2d at 781.
IV.
WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 17. In this assignment of error, Thornton states, “[pjossession was simply not proved in this case and the jury’s verdict was against the overwhelming weight of the evidence.” That is all that is embodied in her assignment of error. The brief contains neither argument nor supporting authority. Clearly, this argument, if we can call it that, is unsupported with any reasoning or application of the law to the facts. Thornton’s failure to support her argument bars this Court from considering this issue on the merits. Id.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF JASPER COUNTY OF CONVICTION OF POSSESSION OF AM *1007 PHETAMINE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO AND A HALF YEARS SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.