DIAZ, J.,
for the Court:
¶ 1. Edward James Thomas was convicted of armed robbery by the Bolivar County Circuit Court. On appeal, he challenges the weight and sufficiency of the evidence to support the jury’s verdict. We reject his contentions and affirm.
FACTS
¶ 2. On February 20, 1998, Early Ewing, the mayor of Benoit, Mississippi, answered a knock at his door. An individual later identified as Edward James Thomas forced his way inside the home brandishing a knife. Once inside, Thomas struck Mr. Ewing with the knife, knocking him to the floor. Mr. Ewing instructed his wife, who was in the other room, to phone 911. However, Thomas prevented her from making the call. At this point Mr. Ewing made his way into the living room and was again struck by Thomas.
¶ 3. Thomas then began demanding money from Mrs. Ewing. She informed him that the only money she had was in Mr. Ewing’s wallet. She gave him between fifteen and twenty dollars in cash. Unsatisfied, Thomas demanded more money. Mrs. Ewing told him that she did not have any more cash and offered to write him a check. Thomas instructed Mrs. Ewing to make the check out to “Robert Adams.” Mrs. Ewing complied and gave Thomas a check in the amount of five hundred dollars. In an effort to get him to leave, Mrs. Ewing gave Thomas her husband’s car keys. He took the keys but apparently fled the house on foot.
¶ 4. Mrs. Ewing gave a description of the intruder to the police. Deputy Sheriff Toby Nokes testified that he immediately suspected Edward James Thomas. He then notified the sheriffs department that Edward James Thomas was a suspect in the armed robbery. Thomas was taken into custody when, some forty-five minutes after the robbery, he appeared at the Bolivar County Sheriffs Department in Rose-dale, asking for a ride back to Benoit. He repeatedly informed the dispatcher that he had “been in Rosedale all day.”
¶ 5. Thomas was indicted for the armed robbery of Early and Margaret Ewing. Following a trial in the Bolivar County Circuit Court, he was convicted and sentenced as an habitual offender to a term of thirty-five years in the custody of the Mississippi Department of Corrections.
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN DENYING THOMAS’S MOTION FOR A DIRECTED VERDICT
¶ 6. Thomas argues that the trial court erred in not granting his motion for directed verdict. A motion for directed verdict challenges the legal sufficiency of *581 the evidence offered to that point of trial to sustain a guilty verdict. Following the denial of his motion for directed verdict, Thomas offered evidence in his own defense, thereby waiving his challenge to the sufficiency of the State’s evidence up to that point in time. Bailey v. State, 729 So.2d 1255, 1263 (Miss.1999). This, however, does not preclude him from challenging the weight or sufficiency of the evidence to sustain the judgment against him. Id. at 1263.
¶ 7. When reviewing a challenge to the sufficiency of the evidence, this Court considers all of the evidence in the light most consistent with the verdict, giving the State the benefit of all inferences favorable to the verdict. We will affirm when the evidence was such that reasonable jurors could have found the defendant guilty. Dudley v. State, 719 So.2d 180, 182 (Miss. 1998).
¶ 8. Thomas was convicted of armed robbery. Miss.Code Ann. § 97-3-79 (Rev.1994) provides that “[e]very person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against bis will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of' a deadly weapon shall be guilty of robbery. ...” The elements of robbery are felonious intent, force or putting in fear, and carrying away the property of another as a result of the force or fear. Glenn v. State, 439 So.2d 678, 680 (Miss.1983). “[A]ll these elements must occur in point of time.... If putting in fear is relied upon, it must be the fear under duress of which the owner parts with possession.” Register v. State, 232 Miss. 128, 132, 97 So.2d 919, 921 (1957).
¶ 9. Mrs. Ewing identified Thomas as the individual who robbed her at knife point on the evening of February 20, 1998. She stated that, though Thomas wore a stocking or pantyhose over his face during the robbery, he often pulled it back when talking to her. According to Mrs. Ewing, Thomas forced his way into her home brandishing a knife. He struck Mr. Ewing with the knife and then demanded money from Mrs. Ewing. She stated that she was afraid and that she gave Thomas fifteen or twenty dollars in cash. In addition, she wrote Thomas a check for five hundred dollars. This was sufficient evidence from which the jury could find that Thomas committed armed robbery.
II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 10. “In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Collier v. State, 711 So.2d 458, 461 (Miss.1998). Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper. Id. ¶ 11. We have already recounted Mrs. Ewing’s testimony that she was put in fear when Thomas broke into her home brandishing a knife. As a result, she gave Thomas over five hundred dollars. Testimony from a single credible witness is sufficient to sustain a conviction. Williams v. State, 512 So.2d 666, 670 (Miss.1987). Other evidence to support Thomas’s conviction includes testimony from the dispatcher at the Bolivar County Sheriffs Department that when Thomas appeared approximately forty-five minutes after the robbery, there were fresh blood stains on his clothing, though no wounds could be found on him. Moreover, when asked to empty his pockets, officers testified that he removed a key chain similar to the one taken from Mr. Ewing’s home. Thomas also had approximately fifteen dol *582 lars in blood stained bills with him when he was arrested. Finally, an acquaintance and fellow inmate testified that Thomas told him that he had robbed Mr. Ewing and that “he should have killed him.”
¶ 12. Thomas denied any involvement in the robbery. He testified that he traveled to Rosedale that evening to obtain some “tattoo ink.” After purchasing the ink, he walked to the sheriffs department to get a ride back to Benoit. According to Thomas, Toby Nokes had given him rides from Rosedale to Benoit in the past. When he arrived at the sheriffs department asking for Nokes, Thomas was arrested. Thomas alleged that the cash which was found on him was planted by law enforcement officials. He further testified that the keys which were in his pockets when he was arrested were his own keys and not Mr. Ewing’s. Thomas contended that his keys were hidden by police due to their exculpatory nature.
¶ 13. The jury is the sole judge of the weight and credibility of the witnesses. Miller v. State, 634 So.2d 127, 129 (Miss.1994). The jury found that the evidence supported armed robbery, a finding that was not against the overwhelming weight of the evidence.
¶ 14. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE AS AN HABITUAL OFFENDER TO A TERM OF THIRTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ, CONCUR.