ON MOTION FOR REHEARING
KING, P.J.,
for the Court:
¶ 1. This case has returned to this court upon the State’s rehearing motion. That motion is denied. However, the prior opinion of this Court is withdrawn, and this opinion is substituted in its stead.
¶2. Patrick Spurlock was convicted of possession of marijuana and possession of cocaine in the Pike County Circuit Court. He was sentenced to serve terms of six years on each count in the custody of the *1003 Mississippi Department of Corrections said terms to be served consecutively. Aggrieved by his convictions and sentences, Spurlock has appealed and assigned two points of error: 1) whether the trial court erred in denying the appellant’s request for a circumstantial evidence instruction to the jury, and 2) whether there was legally sufficient evidence to support the defendant’s motion for directed verdict, and did the trial court err in failing to grant a motion for judgment notwithstanding the verdict, or alternatively a new trial. We find the evidence of guilt do be legally insufficient and therefore reverse and render Spurlock’s conviction.
FACTS
¶ 3. At approximately 8:50 p.m. on April 6, 1996, Officers Erik Allen and David Elson drove to a location known as the Playhouse Lounge. While driving through the parking lot, they observed a car parked in front of the building. The officers parked the patrol car adjacent to this car. As the officers approached the parked car, Patrick Spurlock, a front-seat passenger, leaned out of the car. The officers were unable to observe what Spur-lock did because the car door and a concrete porch obstructed their view. However, they believed that Spurlock possibly leaned out to place an open beer on the ground.
¶ 4. The officers directed all passengers to get out of the car. They then searched the driver and arrested him after finding marijuana in his pocket. Officer Carter searched Spurlock and found no contraband. Spurlock was then allowed to leave the scene. Officer Elson . subsequently found drugs underneath the passenger side of the vehicle where Spurlock had been seated and called him back to the scene where he was arrested.
¶ 5. Spurlock was charged with possession of marijuana and cocaine. During the trial, Spurlock requested a circumstantial evidence instruction saying there was no direct evidence that he possessed the drugs or placed the drugs underneath the car. The prosecution, objected and the trial court excluded the circumstantial evidence instruction. The jury convicted Spurlock of all charges. Spurlock was sentenced to serve consecutive terms of six years on each count, in the custody of the Mississippi Department of Corrections. His motion for a directed verdict, judgment notwithstanding the verdict, or alternatively a new trial having been denied, Spurlock now appeals his convictions and sentences.
ANALYSIS OF THE ISSUES AND DISCUSSION OF THE LAW
I.
Whether there was legally sufficient evidence to support the defendant’s motion for directed verdict, and did the trial court err in failing to grant a motion for judgment notwithstanding the verdict, or alternatively a new trial.
¶ 6. Because the standards of review for the denial of a directed verdict and a judgment notwithstanding the verdict are the same, we will group these two arguments for discussion purposes. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). See also Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss.1997); American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995);. Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993). Under this standard, “the prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.” Id. (citations omitted). “We may reverse. only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” Harveston v. State, 493 So.2d 365, 370 (Miss.1986). This assignment of error challenging the sufficiency of the evidence should be sustained “[i]f the facts and inferences so considered point in favor of the defendant with sufficient force *1004 that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty.” Burge v. State, 472 So.2d 392, 396 (Miss.1985).
 ¶ 7. Possession requires the exercise of dominion and control. Berry v. State, 652 So.2d 745, 751 (Miss.1995) In applying the standard to the case at bar, we find substantial evidence in the record to support Spurlock’s argument that the State’s evidence was insufficient to establish his “dominion and control over the contraband.” Curry v. State, 249 So.2d 414, 416 (Miss.1971); Miller v. State, 634 So.2d 127, 130 (Miss.1994). The officers saw Spurlock open the car door and lean over. However, the officers did not actually see Spurlock with contraband or anything else, nor did they see him place contraband, or anything else, underneath the car. At best, the officers testimony established that they believed that Spur-lock possessed contraband. However, that testimony failed to establish a nexus between Spurlock and any contraband, or that he exercised dominion or control over any contraband. Additionally, Spurlock’s fingerprints were absent from the bag containing the contraband. Considering the evidence, reasonable men could not have found Spurlock guilty beyond a reasonable doubt. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The evidence was legally insufficient to support the denial of Spur-lock’s motion for directed verdict, as well as his motion for judgment notwithstanding the verdict.
¶ 8. Because we are reversing and rendering Spurlock’s conviction due to an insufficiency of the evidence to support the conviction, it is not necessary to address his arguments concerning the weight of the evidence and the trial court’s denial of his circumstantial evidence instruction.
¶ 9. This Court accordingly reverses and renders this case.
UlO. THE JUDGMENT OP THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MARIJUANA AND SENTENCE OF SIX YEARS AND CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIX YEARS AND FINE IN THE AMOUNT OF $5,000 ARE REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., IRVING, MOORE, AND THOMAS, JJ., CONCUR. PAYNE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., BRIDGES AND LEE, JJ. MYERS, J., NOT PARTICIPATING.