955 So.2d 377 (2006)
Jimmy TATUM, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01686-COA.
Court of Appeals of Mississippi.
October 17, 2006.
Rehearing Denied February 6, 2007.
Certiorari Denied April 5, 2007.
*378 Tommy W. Defer, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Jimmy Tatum was convicted in the Circuit Court of Yalobusha County for possession of cocaine in an amount more than two grams but less than ten grams. He was sentenced as a habitual offender to serve a term of sixteen years without the possibility of parole in the custody of the Mississippi Department of Corrections. The trial court denied Tatum's motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. Aggrieved by his conviction and sentence, Tatum appeals. Finding no error, we affirm.

FACTS
¶ 2. On December 21, 2003, Officers Chris Turner and Chris Pullen of the Water Valley Police Department conducted a routine driver's license checkpoint near the Water Valley city limits. Tatum was stopped at the checkpoint, but was unable to produce a driver's license because it had been suspended for failure to pay child support. Officer Turner arrested Tatum and performed a pat-down search from his shoulders to his waist, which yielded "a clear plastic bag with a green leafy substance believed to be marijuana."[1] Officer Tuner then handcuffed Tatum behind his back, placed him in the front seat of his patrol car, and took him to the police station for booking. After booking Tatum, Officer Turner returned to his patrol car and discovered a clear plastic bag of cocaine lying in the front passenger side floorboard. Tatum was the only person to ride in the front passenger seat of Officer Tuner's patrol car that day.
*379 ¶ 3. On February 25, 2004, Tatum was indicted by a Yalobusha County grand jury for one count of possession of cocaine in an amount between two grams but less than ten grams, and one count of possession of marijuana in an amount less than thirty grams.[2] On May 3, 2004, the circuit court entered an order amending the indictment and charging Tatum as a habitual offender and a recidivist.[3]
¶ 4. During trial, Officer Turner testified that, at the beginning and end of every shift, he routinely inspected the floor and seats of his patrol car for "debris," or objects left behind by occupants of his patrol car.[4] Officer Turner further testified that he inspected his patrol car at the end of his shift on December 20, and at the beginning of his shift on December 21. He found no debris during those inspections. Officer Turner also admitted, however, that he arrested two other men at that checkpoint, and that when he arrested Tatum, they had been sitting in the backseat of his patrol car, handcuffed behind their backs, for approximately fifteen or twenty minutes. Nonetheless, Officer Tatum explained that it was physically impossible to move from the back of his patrol car to the front because the two areas were separated by a cage.
¶ 5. After the State rested, Tatum moved for a directed verdict, which was denied. Tatum presented no evidence in his defense, and on March 3, 2005, Tatum was convicted of possession of cocaine in an amount more than two grams but less than ten. The trial court denied Tatum's motion for JNOV or, in the alternative, a new trial. Aggrieved by the court's decision, Tatum appeals asserting that the trial court erred in denying his motion for JNOV or, in the alternative, a new trial.

STANDARD OF REVIEW
¶ 6. A motion for JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). When reviewing a trial court's denial of a motion for JNOV, we consider the evidence in the light most favorable to the prosecution. Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Reversal on the issue of legal sufficiency can only occur when evidence of one or more of the elements of the charged offense are such that "reasonable and fair-minded jurors could only find the accused not guilty." Purnell v. State, 878 So.2d 124, 129(¶ 14) (Miss.Ct.App.2004) (citing Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003)). However, where substantial evidence of such quality and weight exists to support the verdict, and where reasonable and fair-minded jurors may have found the appellant guilty, we must affirm the judgment of the trial court. McClendon v. State, 852 So.2d 43, 47(¶ 11) (Miss. Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.2001)).
¶ 7. A motion for a new trial challenges the weight of the evidence. Beckum v. State, 917 So.2d 808, 812(¶ 10) *380 (Miss.Ct.App.2005) (citing Carr v. State, 774 So.2d 469(¶ 15) (Miss.Ct.App.2000)). "When reviewing a trial court's denial of a motion for a new trial, this Court must consider the evidence in the light most favorable to upholding the verdict." Id. at 813(¶ 14). "We must keep in mind that it is the jury's responsibility to resolve matters regarding the weight of the evidence and the credibility of witnesses." Id. It is a fundamental principle of law that a jury verdict will not be disturbed except in the most extreme of situations. Washington v. State, 800 So.2d 1140, 1144(¶ 10) (Miss. 2001) (citing Manning v. State, 735 So.2d 323, 333(¶ 10) (Miss.1999)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Walker v. State, 881 So.2d 820, 831(¶ 32) (Miss.2004) (citing Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998)).

ISSUE AND ANALYSIS
I. Whether the trial court erred in denying Tatum's motion for JNOV or, in the alternative, for a new trial.
¶ 8. Tatum asserts that the circuit court erred in refusing to grant his motion for JNOV or, in the alternative, a new trial because there was no competent evidence linking him with the cocaine. Citing Cunningham v. State, 583 So.2d 960 (Miss. 1991), Tatum asserts that, in order for the State to prove constructive possession, it was required to prove physical proximity between himself and the contraband, as well as additional incriminating factors. Consequently, Tatum maintains that the State failed to meet the necessary burden of proof for constructive possession.
¶ 9. In Cunningham, the court found that "[w]hen contraband is found on premises which are not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession." Cunningham, 583 So.2d at 962. The court further determined that, in that scenario, "the state must show additional incriminating circumstances to justify a finding of constructive possession." Id. (citing Fultz v. State, 573 So.2d 689, 690 (Miss.1990)). In sum, "when contraband is found on premises, there must be evidence, in addition to physical proximity, showing the defendant consciously exercised control over the contraband . . . absent this evidence, a finding of constructive possession cannot be sustained." Id.
¶ 10. In Miller v. State, 634 So.2d 127 (Miss.1994), the court addressed the issue of constructive possession with facts similar to the case at bar. In that case, the arresting officer, Officer Akins, performed a pat down search of Miller, handcuffed him behind his back, and placed him in the backseat of the patrol car. Id. at 128. After booking Miller, Officer Akins returned to his car, which he testified was locked during his absence, and discovered a matchbox containing crack cocaine in the back seat. Id. Officer Akins also testified that he had performed a routine search of his vehicle before beginning his shift that morning. Id. In finding that competent evidence connected Miller with the contraband, the court noted that Miller was the only person who had recently been in the area where the drugs were found.
¶ 11. Although the facts in Miller differ from those in the case at bar in that Officer Akins testified that he locked his patrol car when he took Miller into the station for booking, we nonetheless find that the State presented sufficient evidence linking Tatum to the cocaine. As in Miller, Officer Turner testified that he found no contraband in his patrol car when he performed a routine inspection before beginning his shift on the day Tatum was *381 arrested. Officer Turner also testified that, because Tatum was handcuffed behind his back, Tatum had access to an area of his body that was not searched during the pat down, i.e., the small of his back. Moreover, the evidence clearly shows that Tatum was the only person to sit in the front passenger seat of Officer Turner's car. Furthermore, Officer Turner testified that he would have discovered the cocaine if it been in his patrol car prior to Tatum's arrest because he "had reached for his mike several times during that day so [he] couldn't help but notice [the] area" of his car where the cocaine was found.
¶ 12. Based on these additional incriminating factors, we cannot conclude that reasonable and fair-minded jurors could only find the accused not guilty; nor can we conclude that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Consequently, we find that the trial court did not err in denying Tatum's motion for JNOV or, in the alternative, a new trial. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIXTEEN YEARS WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.
NOTES
[1] Officer Turner testified that he normally pats someone down from their shoulders to their ankles, but he stopped at Tatum's waist because he found the bag of what he believed to be marijuana. Officer Turner also testified that he did not search the small of Tatum's back, and that Tatum had access to that area of his body because he was handcuffed behind his back.
[2] The State did not prosecute the charge for possession of marijuana.
[3] Tatum had two prior felony convictions. In December of 1994, he was convicted in the Circuit Court of Calhoun County of possession of cocaine, and in July of 1994, he was convicted in the Circuit Court of Yalobusha County of sale of cocaine.
[4] Officer Pullen also testified that he routinely inspected the seat and floorboard of his patrol car for any weapons or narcotics that may have been left behind by someone arrested earlier. He further explained that the inspections were protocol for members of the Water Valley Police Department, and that officers were also required to fill out daily vehicle inspection reports.