290 So.2d 608 (1974)
Kevin SISK
v.
STATE of Mississippi.
No. 47746.
Supreme Court of Mississippi.
February 25, 1974.
*609 Johnston, Pritchard & Wright, Pascagoula, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Kevin Sisk was indicted, tried and convicted in the Circuit Court of Jackson County for the unlawful possession of marijuana. He was sentenced to serve three years in the State Penitentiary and fined $2,000. From this conviction and sentence he appeals. We reverse and render.
On March 1, 1973, Officers Wayne Howard and Jerry Willis of the Pascagoula Police Department searched the house located at 2119 Pecan Drive in the City of Pascagoula. They were armed with a search warrant, the validity of which was not questioned in the trial court, and it is not questioned on this appeal. When the officers arrived on the premises, they found Marvin Sisk and his wife Jean Sisk in possession of the premises. The appellant was not there. The officers found a brown bag containing 46 plastic bags of marijuana. They did not arrest the parties in possession of the premises but proceeded to a doctor's office about three-quarters of a mile away and arrested the appellant.
On the trial of the case Officer Howard testified over the objection of the appellant that on March 1, 1973, he had an informer go to the premises and purchase a lid of marijuana. He testified before the jury that the informer returned from the house with a lid of marijuana and told him that he bought the marijuana from the appellant. He also testified over the objection of the appellant that this informer was a reliable person, and as a result of this information, he made an affidavit for a search warrant. A search warrant was issued to search the premises. The affidavit and search warrant were introduced into evidence over the objection of the appellant. Appellant made no objections to the validity of the search but did object to the introduction of the affidavit and search warrant into evidence for the consideration by the jury for the reason that the information contained therein was hearsay and highly prejudicial to the rights of the appellant. The affidavit described the premises to be searched and alleged that the place described was occupied and controlled by Marvin Sisk, Jean Sisk, and Kevin Sisk. Paragraph 5 of the affidavit contained the following:
5. The underlying facts and circumstances tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: On 2-28-73, an informant personally known to affiant, came to him and advised that he, the informant had personally visited Kevin Sisk at his home 2119 Pecan Drive, in Pascagoula, Mississippi, and while personally being with Kevin, informant purchased (1) plastic bag of marijuana, approximately 1 ounce, and saw (50) more plastic bags of same in a brown suitcase. This informant is reliable and creditable, *610 because affiant has personally known him for (2) years. He has given truthful and reliable information in other drug cases. Informant has been regularly employed and has an acceptable credit rating. Said informant obtained this information from his personal association with Kevin Sisk. Kevin Sisk is personally known by affiant to push illegal drugs, and said, Kevin has been convicted on illegal drug sales. Therefore, affiant believes that he has sufficient grounds for search warrant.
Paragraph 5 of the search warrant contained the same statement of underlying facts and circumstances. Officer Howard said that when he went to the house, he asked Mr. Sisk which room was Kevin's and that appellant's father pointed out the room where the marijuana was found.
On cross examination, Officer Howard admitted that he did not know of his own knowledge whether appellant lived in the house searched or not. The only personal knowledge that he had that appellant had ever been in the house occupied by Mr. and Mrs. Sisk was that he saw appellant come out of the house about two hours before the search and drive away in an automobile. He admitted that the only knowledge he had relative to the appellant living in the house was what he had been told. Officer Willis had no personal knowledge of who resided in the house. All he knew about who lived there was that Mr. and Mrs. Sisk were there when the search was made and he heard Mr. Sisk tell Officer Howard that the room where the marijuana was found was Kevin's room.
The only other evidence on behalf of the state was the testimony of a toxicologist that the substance found in the plastic bags was marijuana. When the state rested, appellant made a motion for directed verdict. When the court overruled that motion, appellant rested.
On appeal, appellant contends that the proof by the state was not sufficient to sustain a conviction of the crime of possession of a controlled substance and that he was entitled to a directed verdict of not guilty. We are of the opinion that this contention is well taken. The burden was upon the state to show by competent evidence sufficient facts to establish that the marijuana was subject to the dominion or control of appellant. The only evidence which the state relied on to prove the dominion and control was hearsay evidence. The only competent evidence that tended to connect appellant with the marijuana was testimony that he was seen leaving the house about two hours before the search was made. This circumstance was not sufficient to establish constructive possession of the marijuana. Curry v. State, 249 So.2d 414 (Miss. 1971).
The state urges that the testimony of Officer Howard together with the affidavit and search warrant which were admitted into evidence were sufficient to establish constructive possession. One difficulty about this argument is that the trial court was in error in admitting the affidavit and search warrant in evidence to be considered by the jury over the objection of the appellant. The validity of the search warrant, the legality of the search and the admissibility of the evidence obtained as a result of the search were matters of law to be determined by the trial court. These were not questions to be determined by the jury. Of course, when the fruits of a search are objected to, the state must establish the validity of the search out of the presence of the jury. The affidavit and search warrant, if the search were made by authority of a search warrant, must be produced and made a part of the record, but the documents are not for the consideration of the jury. When the court determines that the fruits of a search are admissible in evidence, the state may then show that a search was made and introduce the fruits of the search into evidence. The introduction of the search warrant and affidavit in this case, allowed the state to get into evidence hearsay statements *611 which deprived appellant of the right of confrontation and cross examination. Furthermore, the affidavit contained statements of another crime for which appellant had not been tried, the conviction of another crime and a reputation as a known pusher of drugs. We think that this clearly demonstrates the reason why the legality of the search is and should be a matter of law to be determined by the court and not one for the jury to decide.
We are of the opinion that the trial court was in error in refusing to grant appellant's motion for a directed verdict and for this reason this case must be reversed and appellant discharged.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, SUGG and WALKER, JJ., concur.