355 So.2d 1378 (1978)
Carolyn POWELL
v.
STATE of Mississippi.
No. 49949.
Supreme Court of Mississippi.
March 8, 1978.
Richard W. Wise, Starkville, for appellant.
A.F. Summer, Atty. Gen., by Scherry J. LeSieur, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
*1379 BROOM, Justice, for the Court:
Marijuana possession is the offense for which Carolyn Powell (appellant) was convicted in the Circuit Court of Lowndes County, Mississippi. She appeals from a sentence of two years at the Mississippi Department of Corrections and a $500 fine. Her appeal is grounded on the assertions that (1) the evidence was insufficient to connect her with the contraband so as to support the jury verdict, and (2) the search warrant was invalid and not amendable because the affidavit for search warrant lacked a signature of the issuing authority. We affirm.
Search of the house for which appellant paid rent was made by authority of a search warrant issued on the night of January 20, 1976. Officer Billy Pickens of the Columbus Police Department obtained a search warrant for appellant's residence (rented from P.A. Yelverton, owner), and other officers assisted Pickens with the search at 5:55 a.m. on January 21, 1976. One plastic bag of marijuana was taken from the living room coffee table; other marijuana was taken from a small military ammunition box situated in the living room in front of the fireplace, and another quantity was taken from a larger ammunition box found in the closet of appellant's bedroom.
The aggregate quantity of the marijuana was about fourteen ounces. Felix Owens, a man who lived with appellant in the house, and the appellant herself were arrested and charged with marijuana possession. The warrant authorizing the search was obtained from Justice Court Judge Ellis S. Dale who failed to affix his signature to the affidavit. Testimony shows that Officer Pickens signed the affidavit after being placed under oath by Judge Dale, after which Dale wrote the date and signed "Justice Court Judge" on the affidavit (inadvertently failing to affix his signature).
First argument made in behalf of the appellant is that the state did not establish its case against the appellant for failure to show, in addition to appellant's physical proximity to the contraband substance, additional incriminating facts which connected appellant with the contraband. The correct rule in this jurisdiction is that one in possession of premises upon which contraband is found is presumed to be in constructive possession of the articles, but the presumption is rebuttable. We have held that where contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband. Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband. Sisk v. State, 290 So.2d 608 (Miss. 1974).
Several cases involving possession of contraband found upon premises to which others have access have come before us and there is no rigid rule that can be stated to govern every conceivable case, but each case must be decided upon its peculiar facts. Although this case is close upon the facts, our judgment is that the evidence was sufficient to raise a jury issue. The record leaves no doubt that the house in which the contraband was found was rented by the appellant, who paid at least part of the rent. Marijuana was found in the closet of the bedroom which she claimed as her bedroom, and was also found in the living room. Appellant was present when the search and seizure was made and she accompanied narcotics agent Temple to her bedroom where she remained while he searched. No marijuana was found in the bedroom which the other adults (who were said to also live in the house) used as their bedroom. Although three other people were in the living room (where part of the substance was found) with appellant at the time of the search and seizure, the evidence was sufficient to raise the rebuttable presumption. The jury had the prerogative to pass upon the weight and worth of all of the testimony. Although the appellant herself did not testify, she presented a Ms. Starr who testified that she (Starr) had been to the house on different occasions. Witness Starr stated that a band practiced *1380 there at times and that none of the rooms were locked. Another defense witness, Gerald Berry, Jr., testified that the house was not kept locked and that the inside doors would permit people to go from room to room. According to Berry, he lived with the appellant there and paid one-third of the rent. He also stated that a "rock-n-roll" band practiced there and that its members had free access to all parts of the house. We hold that the case, upon the record, was properly allowed to go to the jury.
The other proposition argued is that the search warrant was fatally defective because the Justice Court Judge failed to sign the jurat of the affidavit. We find no merit in this argument. Undisputed testimony shows that the affiant appeared before Judge Dale, who put him under oath and obtained the information contained in the underlying facts and circumstances of the affidavit. After giving that information to the judge under oath, Pickens signed the affidavit and Dale wrote the date and his title at the bottom. Pursuant to the affidavit, Dale then issued the search warrant for the residence rented by appellant. The search warrant bears Dale's signature, which by reference incorporates the content of the affidavit.
The Fourth Amendment to the United States Constitution provides that people shall be secure against unreasonable searches and seizures. Article 3, § 23, of the Mississippi Constitution has a similar provision. Of course, the purpose of a search warrant is to authorize a reasonable search after a neutral magistrate determines that probable cause for the search exists. An affidavit for a search warrant is a means of presenting to the issuing officer a basis upon which he may determine whether in fact probable cause exists. O'Bean v. State, 184 So.2d 635 (Miss. 1966); 68 Am.Jur.2d Searches and Seizures, § 63 (1973). It follows that the sworn statement of the affiant is the most critical aspect of the validity of the affidavit rather than the placing thereon of the signature of the issuing authority. In Huff v. Commonwealth, 213 Va. 710, 194 S.E.2d 690 (1973), the affiant did not sign the affidavit for a search warrant until the search was made, whereas the issuing officer did sign the jurat. The Virginia High Court stated:
It is the oath that solemnizes and verifies. If the affiant is sufficiently identified in the body of the affidavit or in the jurat, his signature is not essential.
.....
The magistrate's "certification" that the affidavit was subscribed by the affiant, when it was not, does not taint the verity of the affidavit. The jurat is not a part of the affidavit; it is simply written evidence that probable cause was supported by oath. 3 Am.Jur.2d Affidavits, § 16 (1962). (Emphasis added.) Id., 194 S.E.2d at 692-693.
In appellant's brief, he makes no argument as to the finding of probable cause for the issuance of a search warrant. Undisputed evidence shows that the affiant (Officer Pickens) was placed under oath by Judge Dale; then while still under oath, Pickens stated to Dale the facts which Dale found constituted probable cause as a basis for his issuance of the search warrant. Upon this evidence, and absent any argument or authority that there was no probable cause, we are unable to say that there was any breach of the constitutional rights of appellant. As shown in the briefs of appellant and appellee, there is a split of authority as to whether a magistrate's failure to sign the jurat of an affidavit will vitiate the warrant. In Prueitt v. State, 261 So.2d 119 (Miss. 1972), we approved the action of a magistrate in considering unrecorded oral testimony to support the validity of a search warrant. We now hold that the lower court did not err by allowing the state (upon proper motion) to physically amend the affidavit for search warrant by adding "ELLIS S. DALE." Further, the search warrant, as amended, was properly upheld by the trial judge upon the facts, and we find no reversible error in this close but well tried case.
AFFIRMED.
*1381 PATTERSON, C.J., SMITH, P.J., and ROBERTSON, SUGG, WALKER, LEE and BOWLING, JJ., concur.