IRVING, J.,
For The Court.
¶ 1. Willie L. Montgomery was convicted by a jury in the Circuit Court of Union County of possession of more than two, but less than ten, grams of cocaine. Aggrieved by the verdict and subsequent judgment of the trial court, Montgomery appeals and raises three issues which we quote verbatim:
1. The evidence was insufficient to support the verdict of possession of cocaine because the State failed to show the Defendant was either in actual or constructive possession of the contraband and the circuit court erred by not directing a verdict of not guilty.
2. The circuit court erred by not giving the jury a circumstantial evidence instruction.
3. The Defendant was denied a fair trial by being brought to court directly from jail by law enforcement officers for his trial and displayed in front of the jury dressed in dirty work clothes and in a dirty and un-kept [sic] appearance.
FACTS
¶ 2. On July 19, 1998, Officer Lisa Dawe, a policeman with the New Albany Police Department, while on routine patrol, no *818 ticed a van with excessively loud music emanating from it. Officer Dawe activated the blue lights in the patrol car and followed the van in an attempt to stop the driver and to ask that the volume be turned down. The van did not stop immediately, and Officer Dawe pursued it. The van stopped at three different stop signs in the interim before finally obeying the signal of the blue lights to stop. While following the van, Officer Dawe saw two bags thrown from the passenger side window. Officer Dawe testified that she made a mental note of where the bags landed in order to remember where to go back and retrieve them. After driving a short distance, the driver stopped the van, and Officer Dawe approached the vehicle to check the motorist’s driver’s license. The driver was Montgomery, and Leroy Jones, a juvenile, was a passenger in the front seat of the van. A check of Montgomery’s license revealed that his license was suspended. At that point, Officer Dawe arrested Montgomery and placed him in the back of the patrol car.
¶ 8. During the pursuit, Officer Dawe called for back-up, and Sergeant Dowty responded to the call. When Sergeant Dowty arrived at the place where Officer Dawe was located, Officer Dawe told Sergeant Dowty where to search for the bags. Sergeant Dowty testified that he found two plastic bags about forty feet from where the van was stopped; the bags contained what appeared to be crack cocaine. Officers Dawe and Dowty called for the K 9 unit to search the van. The K 9 search revealed some indication that drugs might have once been in the glove compartment of the van. At the trial, Officer Dawe testified that she did not have any evidence of who had possession of the drugs or who threw the drugs out of the van.
¶ 4. Montgomery did not testify at trial. However, his passenger, Hubert Leroy Jones did testify. Jones testified that trash under the brake pedal of the van prevented the van from stopping immediately. He testified that he got down into the floorboard of the van to remove the trash and as soon as he was able to remove the trash, Montgomery stopped the van. He further explained that he and Montgomery were not sure initially as to Officer Dawe’s intentions, that is, they were not sure whether she wanted to go around them or whether she was attempting to stop them. Jones denied that they stopped at three stop signs in the interim before obeying the officer’s blue light signal to stop. Jones testified that he did not have crack cocaine in his possession, that he did not have any knowledge that crack cocaine was in the van and that he did not see Montgomery throw anything out of the van because he was on the floor attempting to remove trash from underneath the brake pedal.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Sufficiency of the Evidence

¶ 5. The standard of review of a claim that the evidence is insufficient to support the verdict requires the reviewing court to accept all evidence tending to support the verdict, including the inferences derived therefrom, as true. All evidence favoring the defendant must be disregarded. Bridges v. State, 716 So.2d 614(¶ 5) (Miss.1998). “We may reverse only where with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty.” Harveston v. State, 493 So.2d 365, 370 (Miss.1986).
¶ 6. Montgomery argues that the crack cocaine was not found in the van driven by him, but some forty yards away *819 on the side of the street. Montgomery also points out that even if the drugs were thrown from the van, they were thrown from the passenger side window where Leroy Jones was sitting. Furthermore, Montgomery argues that the arresting officer, Dawe, could not testify that he possessed the crack cocaine, nor was the police able to discover who owned the van. In support of his argument, Montgomery points this Court to Buggs v. State, 738 So.2d 1253, 1258, (¶ 22) (Miss.1999), wherein the Mississippi Supreme Court commented upon the rule regarding constructive possession:
The correct rule in this jurisdiction is that one in possession of premises upon which contraband is found is presumed to be in constructive possession of the articles, but the presumption is rebuttable. Powell v. State, 355 So.2d 1378, 1379 (Miss.1978). “We have held that where contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts, must connect the accused with the contraband.” Id. (emphasis added). [W]hen contraband is found on premises, there must be evidence, in addition to physical proximity, showing the defendant consciously exercised control over the contraband, and, absent this evidence, a finding of constructive possession cannot be sustained.
Montgomery continues his argument with the assertion that he was not in the exclusive control and possession of the van and that there is no evidence which shows that he consciously exercised control over the contraband.
¶ 7. The State argues that evidence presented against Montgomery, although circumstantial, was sufficient to convict Montgomery because the evidence is considered in a light most favorable to the State. Winters v. State, 473 So.2d 452, 459. (Miss.1985). The States agrees with Montgomery in that the evidence did not show actual possession; however, the State contends that if the cocaine was in the van at any point, Montgomery would have to have been in close proximity to the drugs. The State also maintains that since Montgomery was the driver of the van, he was at least a constructive and joint possessor of the cocaine and that a reasonable inference of guilt may be drawn from the fact Montgomery, as the driver of the van, refused to stop the van until the cocaine was thrown from it. When Jones’s testimony is added to the fact mixture, according to the State, an even stronger case of Montgomery’s guilt is made. Finally, the State, citing Anderson v. State, 397 So.2d 81 (Miss.1981), points out that even if Montgomery did not possess the drugs, he is at least an aider and abettor and that, as an aider and abettor, he is equally guilty of the crime committed by the principal offender.
¶ 8. We wholeheartedly agree with the contentions made by the State. While it is true that ownership of the van was not proven, possession was. The person in possession of the van was Montgomery. It can hardly be contended that he was the driver but not the possessor. As pointed out by the State, even if Jones had some possessory interest in the van this fact would not negate Montgomery’s possesso-ry interest, it would simply change the quality of the interest.
¶ 9. As to the matter of possession of the contraband, the evidence shows, as is required, a sufficient nexus between the drugs and Montgomery to warrant a finding that he was aware of their presence in the van. His failure or refusal to stop when the officer turned on her blue lights speaks volumes about what he knew or at least provides a reasonable basis for a *820 plethora of reasonable inferences concerning his knowledge of the presence of drugs. The jury was entitled to believe the officer who testified that the bags of cocaine were thrown from the van. Jones said he did not throw them out. Only two persons were in the van, Jones and Montgomery. If Jones did not throw them, Montgomery did. If Jones threw them, a reasonable inference is that Montgomery, by his refusal to stop for the officer’s blue lights, was at least attempting to assist Jones in his effort to dispose of the contraband. In either circumstance, the evidence fully supports Montgomery’s guilt.

2. The Failure to Give a Circumstantial Evidence Jury Instruction

¶ 10. Montgomery argues that the prosecution’s case was based entirely upon circumstantial evidence and that the instruction given did not require the State to meet its full burden of proof; therefore, the jury was not properly instructed as to the degree of proof. Montgomery, citing Manning v. State, 735 So.2d 323, 338 (¶ 25) (Miss.1999), asserts that a circumstantial evidence instruction should be given where all the evidence introduced to prove guilt is circumstantial and the prosecution has not produced eyewitnesses or a confession by the defendant.
¶ 11. The State, citing Richmond v. State, 751 So.2d 1038 (¶ 22) (Miss.1999), argues that Montgomery is barred from raising on appeal the issue of the trial court’s failure to give a circumstantial evidence instruction because no instruction was requested. Additionally, the State directs us to the pronouncement in Henderson v. State, 453 So.2d 708, 710 (Miss.1984), that “[wjhere all the evidence tending to prove the guilt of the defendant is circumstantial, the trial court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict.” However, the State, citing Gray v. State, 549 So.2d 1316, 1324 (Miss.1989), argues that where there is direct evidence of a crime, a circumstantial evidence instruction need not be given. The State contends direct evidence was presented by the State’s witnesses. Officer Dawe testified she saw two bags thrown from the passenger side window. Edwina Ard, forensic chemist with the Tupelo Police Department Crime Laboratory, examined the contents of the bags and determined that the contents were crack cocaine. The State concludes its argument by pointing out that the jury was adequately instructed as a result of being given instructions D-2 and D-5. These are the instructions.
INSTRUCTION D-2
The Court instructs the jury that you are bound, in deliberating upon this case, to give the defendant the benefit of reasonable doubt of the defendant’s guilt that rises out of the evidence or the lack of evidence in this case. There is always reasonable doubt of the defendant’s guilt when the evidence simply makes it probable that the defendant is guilty. Mere probability of guilt will never warrant you to convict the defendant. It is only when on the whole the evidence you are able to say on your oaths, beyond a reasonable doubt, that the defendant is guilty that the law will permit you to find him guilty. You might be able to say that you believe him to be guilty, and yet, if you are not able to say on your oaths, beyond a reasonable doubt, that he is guilty, it is your sworn duty to find the defendant “Not Guilty.”
INSTRUCTION D-5
If you can reconcile the evidence upon any reasonable hypothesis consistent with the Defendant’s innocence, you should do so and find him not guilty.
*821 ¶ 12. Again, we find ourselves fully m agreement with the State. This is not a wholly circumstantial evidence case and the jury was adequately instructed. Moreover, Montgomery did not request a circumstantial evidence instruction, and the trial court, on these facts, was not required to give one sua sponte. This issue lacks merit.
3. Denial of Fair Trial
¶ 13. Montgomery suggests that he did not receive a fair trial because he was taken to court from jail in dirty clothing. He claims in his appellate brief that he did not have an opportunity to take a bath, comb his hair, or dress in decent attire before the trial began. Montgomery maintains that he was allowed to change clothing only after he was “paraded in front of the jury all morning.” Montgomery bases his claim of prejudice on the response made by one juror during voir dire. This is what occurred:
Q. When Mr. Montgomery and I first walked into the courtroom, was there anyone that came in with a preconceived notion or preconceived ideas of guilt or innocence at that time?
A. (Bart White raised his hand.)
Q. Your number.
Q. (Bart White) Thirty-five.
Q. What was your preconceived idea.
A. (Bait White) I made a judgment.
Q. What was that judgment.
A. (Bart White) That by his looks he was guilty.
Q. I appreciate that. Is there anyone else that made that judgment?
Mr. White was excused for cause. Moreover, no other juror responded that he made a judgment regarding Montgomery’s guilt or innocence based on Montgomery’s appearance. The jury was instructed that its verdict had to be based on the evidence or lack thereof and nothing else. As the State asserts, when the court has properly instructed the jury, the presumption is that jurors will follow the court’s instructions. Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). We find no merit in this issue. Accordingly, we affirm the trial court on this issue and for the reasons presented, affirm the trial court in toto.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE TO SIXTEEN YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED, FIVE YEARS POST RELEASE SUPERVISION, AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.