841 So.2d 1160 (2002)
Bennie TILLMAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01266-COA.
Court of Appeals of Mississippi.
November 26, 2002.
Rehearing Denied January 21, 2003.
Certiorari Denied April 3, 2003.
*1161 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by: Scott Stuart, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
BRIDGES, J., for the court.
¶ 1. Bennie Tillman was indicted on one count of possession of cocaine by the grand jury of Marion County. The Circuit Court of Marion County tried and convicted Tillman, sentencing him to life in prison without possibility of parole as a habitual offender. Tillman perfected his appeal.

STATEMENT OF ISSUES
I. DID THE COURT ERR BY REJECTING TILLMAN'S BATSON CHALLENGES OF TWO PEREMPTORY STRIKES BY THE STATE?
II. IS THE GUILTY VERDICT SUPPORTED BY SUFFICIENT EVIDENCE?

FACTS
¶ 2. Bennie Tillman was riding in Frederick Allen's car when officers of the Columbia Police Department stopped Allen for driving without a license. Allen consented to a search of his car, and the police discovered an open container of beer and a bag containing several grams of cocaine on the passenger side floorboard. The police also discovered the remains of a marijuana cigarette in the ashtray, and a crack pipe in the center console.
¶ 3. Tillman was arrested and charged with violating the open container law and possession of cocaine. Allen later admitted that the open container of beer was his.

ANALYSIS
I. DID THE COURT ERR BY REJECTING TILLMAN'S BATSON CHALLENGES OF TWO PEREMPTORY STRIKES BY THE STATE?
¶ 4. Tillman assigns as error the court's holding that there was not sufficient evidence to show a prima facie case of racial discrimination in jury selection. The trial court is required to first determine if the defendant has demonstrated a prima facie case of racial discrimination in the State's use of its peremptory strikes of jurors before proceeding with a hearing on the issue. Batson v. Kentucky, 476 U.S. 79, 90-97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This Court grants extensive deference to a trial court's Batson rulings. Spann v. State, 771 So.2d 883, 904(¶ 61)(Miss.2000). We review Batson rulings for clear error. Johnson v. State, 529 So.2d 577, 583 (Miss.1988). A Batson challenge to peremptory strikes has three parts, the first of which requires that the opponent of the peremptory strike make out a prima facie case of purposeful racial discrimination. Puckett v. State, 788 So.2d 752, 756 (¶ 10) (Miss.2001).
¶ 5. The court below held that there was no prima facie case of racial discrimination, denying Tillman the requested Batson relief, and then proceeded to explain its reasons. The court found that although the State had struck two black jurors, the State had also accepted several other black jurors. The court also found that the State had attempted to strike for cause the two black jurors that were struck peremptorily because each had relatives either under indictment for or serving time for felonies. The court additionally found that the State had not accepted any jurors that had relatives who were under indictment *1162 for felonies, or were serving time for felonies.
¶ 6. Finding no error, we affirm.
II. IS THE GUILTY VERDICT SUPPORTED BY SUFFICIENT EVIDENCE?
¶ 7. This Court reviews the denial of motions for directed verdicts and JNOV under the same standard: the evidence is viewed in the light most favorable to the State, and the result overturned only where "reasonable and fairminded jurors could only find the defendant not guilty." McClain v. State, 625 So.2d 774, 778 (Miss.1993). Tillman contends that the evidence is not sufficient to support that he had constructive possession of the cocaine.
¶ 8. The law of constructive possession requires sufficient facts be shown for a jury to find that the defendant had control or dominion over the narcotics. Kinzey v. State, 498 So.2d 814, 818-19 (Miss.1986). Proximity to the res gestae is suggestive of constructive possession. Id. Where the defendant is not in exclusive possession of the premises where the narcotics are found, other competent evidence must exist connecting him to the narcotics. Powell v. State, 355 So.2d 1378, 1379 (Miss. 1978).
¶ 9. Three of the police officers involved in Tillman's arrest and Frederick Allen testified at trial. One officer testified that she had seen Tillman carrying a brown package in his hands before entering the car. All of the witnesses testified that when the car was searched, the police discovered the open container of beer and the bag containing the crack cocaine on the passenger side floorboard at Tillman's feet.
¶ 10. Allen testified that the beer belonged to him, and additionally he testified that the cocaine did not belong to him. Allen did not concede in response to Tillman's questioning that someone else who had had control of the car before him could have placed the cocaine there. Allen testified further that he did not know Tillman was in possession of crack cocaine at any time prior to the search by the police.
¶ 11. Tillman did not present any witnesses at trial to contest the State's account of events; thus the facts must stand, uncontroverted. Taken together, and viewed in the light most favorable to the State, we must conclude that the evidence presented at trial sufficed to sustain the guilty verdict.

CONCLUSION
¶ 12. Tillman challenges his conviction on two grounds: first, the State improperly dismissed jurors peremptorily based on their race; and second, the evidence of possession was insufficient to sustain the conviction. He succeeds on neither ground. The court below ruled that Tillman had not made out a prima facie case of racial discrimination, scuttling his Batson argument, and we find no error. The court below also denied Tillman's motion for JNOV, and given the evidence, we must concur.
¶ 13. For the foregoing reasons, we affirm the judgment of the court below.
¶ 14. THE JUDGMENT OF THE CIRCUIT OF MARION COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AS A HABITUAL OFFENDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT POSSIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
*1163 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.